UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE GARCIA and JORGE GARCIA, on behalf of his biological daughter M.G., Plaintiff, v. KIM FOX, State's Attorney for County, CHARLES GOLBERT, Acting Director of the Public Guardian's Office, BEVERLY WALKER, Acting Director of the Department of Children and Family Services, CHILDREN'S HOME & AID, EMILY REYNOSO, TAYLOR HOMYK, STEPHANIE WIELAND, MCCARRE WARD, and SARAH DONOVAN, Defendants. | Case No. 18-CV-04205<br><br>Judge Sharon Johnson Coleman |

## ORDER

Defendants Charles Golbert, Sarah Donovan, Kim Fox, and McCarre Ward's Motion to Dismiss [42] and Defendant Illinois Department of Children and Family Services's Motion to Dismiss [56] are granted.

## STATEMENT

Currently, Plaintiff Jorge Garcia is also engaged in ongoing litigation related to the issues underlying this litigation in the state juvenile court. The Court recognizes the importance and sensitivity of parental-child rights, and the state juvenile court system's expertise and exclusive jurisdiction over this type of domestic relations issue, especially in light of the ongoing nature of the juvenile court litigation.

On December 31, 2015, a Circuit Court of Cook County judge took temporary custody of Plaintiff Jorge Garcia's minor daughter A.G. On January 29, 2016, the judge held a post-deprivation

1

hearing on temporary custody of A.G. and determined there was probable cause that A.G. was abused or neglect, that immediate and urgent necessity required removal from her parents' custody, and that reasonable efforts had been made to keep the family intact. Plaintiff Garcia was present for those proceedings. On December 21, 2016, the judge adjudicated A.G. a ward of the court and found that she was abused or neglected as defined by the Juvenile Court Act, 705 ILCS 405/2-3. After a dispositional hearing, the court found Plaintiff Garcia and A.G.'s mother were unable to care safely for A.G. and appointed the Illinois Department of Children and Family Services Guardianship Administrator as A.G.'s legal guardian. Since the dispositional hearing, there have been periodic permanency hearings to assess the parents' progress in correcting the conditions that brought the case into that court. On May 10, 2018, the judge entered an order for permanent substitute care pending a hearing on the termination of parental rights due to Plaintiff Garcia's and the mother's lack of progress.

On June 15, 2018, Plaintiff Jorge Garcia and Jorge Garcia, on behalf of his biological daughter M.G., filed this case. Plaintiff filed an eight-count Amended Complaint on October 29, 2018 against many Defendants, including Defendants Charles Golbert, Sarah Donovan, Kim Fox, and McCarre Ward (the "Cook County Defendants") and Defendant Department of Children and Family Services (the "DCFS Defendants"). Plaintiff alleges that the Cook County Defendants and DCFS Defendants violated his Fourth Amendment, Fifth Amendment, and Fourteenth Amendment rights and the Health Insurance Portability and Accountability Act, and seek monetary damages, declaratory judgment, and injunctive relief. The Cook County Defendants and the DCFS Defendants move to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The Court must dismiss any action for which it lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). As the party asserting jurisdiction, plaintiff has the burden

2

of establishing it under Rule 12(b)(1).  *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009).  When considering Rules 12(b)(1) and 12(b)(6) motions to dismiss, the Court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013).  The Court, however, may also consider evidence outside of the pleadings to ensure jurisdiction is proper.  *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008).  To survive a 12(b)(6) motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face."  *Lavalais*, 734 F.3d at 632 (internal quotations omitted).  The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The Cook County Defendants contend that this Court does not have subject-matter jurisdiction over this case pursuant to the domestic relations exception to federal jurisdiction and the *Rooker-Feldman* doctrine.  The DCFS Defendants similarly assert that this Court does not have subject-matter jurisdiction based on the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine. Plaintiff responds that these doctrines do not apply because this Court does not have to render a decision as to the best interest of the child or make any findings of fact as to child custody.

Still, the root issue underlying Plaintiff's allegations are the custody matters at issue in the ongoing juvenile court action.  This Court does not have subject-matter jurisdiction over domestic relations matters, which include child custody issues.  *See Ankenbrandt v. Richards*, 504 U.S. 689, 704, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) ("[T]he domestic relations exception encompasses [] cases involving the issuance of a … child custody decree.").  Indeed, the current proceeding in juvenile court is the only proper venue for the events underlying Plaintiff's allegations in this case.

Moreover, the *Younger* abstention doctrine requires federal courts to refrain from exercising their jurisdiction when relief may interfere with certain state proceedings.  *See Younger v. Harris*, 401

3

U.S. 37, 43–44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *Younger* abstention is appropriate where "there is an ongoing state proceeding that is judicial in nature, involves important state interests, provides the plaintiff an adequate opportunity to raise the federal claims, and no exceptional circumstances exist." *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017). Each of those considerations exists here. The Court cannot exercise jurisdiction over allegations that overlap with the ongoing juvenile court proceedings.

Likewise, the *Rooker-Feldman* doctrine precludes individuals from seeking review of state court judgments in federal court. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Thus, to the extent Plaintiff seeks to have this Court review any prior orders from the ongoing juvenile court proceeding, this Court is not the proper place. Appropriate appellate options exist within the state court system. Because this Court does not have subject matter jurisdiction over this matter, the Court does not address the Defendants' alternative Rule 12(b)(6) arguments for dismissal.

Consequently, the Cook County Defendants' [42] and the DCFS Defendants' [56] motions to dismiss are granted, and Plaintiff's Complaint is dismissed as to the Cook County Defendants and the DCFS Defendants with prejudice.

IT IS SO ORDERED.

Date: 6/5/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4